```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**VERNON J. AMOS,**

                      **Plaintiff,**

                                                                   CIVIL ACTION
           **vs.**                                                             No. 03-3465-SAC

**ROGER WERHOLTZ, et al.,**

                      **Defendants.**


<u>ORDER</u>

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and damages on various allegations implicating his access to legal materials and resources while confined in administrative segregation at El Dorado Correctional Facility in El Dorado, Kansas.

    Having reviewed the record, the court denies plaintiff's motion for appointment of counsel (Doc. 8). A party in a civil action has no constitutional right to the assistance of counsel in the prosecution or defense of such an action. <u>Durre v. Dempsey</u>, 869 F.2d 543, 647 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). In the present case, the court has considered the complexity of the issues raised and plaintiff's ability to state his claims, and concludes appointment of counsel is not warranted in this matter.

    Having carefully reviewed plaintiff's claims and plaintiff's exhaustion of administrative remedies, the court finds the complaint

is subject to being dismissed for the following reasons.

*Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA), enacted April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). Plaintiff bears the burden of showing full exhaustion of administrative remedies by attaching copies of the administrative proceedings or by describing their specific disposition. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210-11 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004). "An inmate who begins the grievance process but does not complete it is barred from pursuing a section 1983 claim under [the Act] for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Significantly, full exhaustion of all claims presented in the complaint is required. See Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

In the instant case, plaintiff alleges numerous impediments imposed by defendants on plaintiff's ability to file and proceed on litigation in the state courts. Plaintiff raises many but not all of these alleged impediments in a comprehensive administrative

grievance (No. 10857), which plaintiff fully appealed through the Secretary of the Kansas Department of Corrections. Plaintiff also documents an unnumbered grievance with an administrative response by a unit team member on plaintiff's specific claim that he is denied adequate indigent postage for mailing legal documents to the courts. However, no further exhaustion of administrative remedies on this claim is demonstrated, and plaintiff cites no exhaustion of administrative remedies on his remaining claims that his requests for legal resources from the main law library are lost or not answered by prison staff, and that prisoners in segregation have such limited funds and are thus unlawfully required to choose between paying for necessary hygienic supplies or paying for legal mailing.

Because the record does not reflect full exhaustion of administrative remedies on all of the claims in plaintiff's complaint, the court finds this action is subject to being dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

*Right of Access to the Courts*[1]

Even if full exhaustion of remedies could be demonstrated, the court further finds the complaint is subject to being dismissed as stating no claim for relief.[2]   *See* 28 U.S.C. §

---

[1]Petitioner's assertion that he is denied the right to petition the government for redress of grievances is based on the same allegations advanced as denying him his right of access to the courts.  *See* Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990)(First Amendment right to petition government for redress of grievances underlies the right of access to the courts). The court finds no distinct facts, or exhaustion of administrative remedies, on a separate "right to petition" claim under the First Amendment.

[2]The court further notes that plaintiff's allegations of constitutional misconduct occurring more than two years before he

1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"); 42 U.S.C. § 1997e(c)(court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).

The Supreme Court has decided "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). This right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. The constitutionally relevant benchmark,

---

filed his complaint are subject to being dismissed as time barred. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

To the extent plaintiff seeks compensation for mental and emotional injury resulting from the alleged violation of his constitutional rights, his claim for damages is barred by no showing of a physical injury. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

To the extent plaintiff seeks compensation based on any defendant's negligence, or based only on a defendant's supervisory capacity, no claim for relief is stated under 42 U.S.C. § 1983. *See* Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action); Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).

however, is meaningful rather than total or unlimited access. Id. at 823.  The Fourteenth Amendment right of due process via access to the courts "has not been extended ... to apply further than protecting the ability of an inmate to prepare a petition or complaint."  Wolff v. McDonnell, 418 U.S. 539, 576 (1974).  *See* Carper v. DeLand, 54 F.3d 613, 616-17 (10th Cir. 1995)(right of access to courts extends only to preparation and filing of habeas corpus petition or to initial civil rights complaint challenging conditions of confinement).  Additionally, a prisoner must also demonstrate the alleged shortcomings actually impaired his ability to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  *See also* Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

   Here, plaintiff identifies no actual prejudice on any nonfrivolous claim that resulted from defendants' alleged misconduct.  Plaintiff cites a civil action he voluntarily dismissed without prejudice on December 31, 2001, and does not identify the claims therein or any subsequent attempt to reassert said claims.  He cites the dismissal of his state habeas corpus action in which he complained of being served sack lunches, but the district court's summary dismissal indicates the issue had been previously decided as having no legal merit.  Plaintiff also references the denial of relief in his appeal in his post-conviction proceeding, but that document clearly shows that plaintiff was represented by counsel in the appeal.

## Conclusion

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons cited herein. The failure to file a timely response may result in the complaint being dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), without further prior notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for appointment of counsel (Doc. 8) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 28th day of February 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge