```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**VERNON J. AMOS,**

                               **Plaintiff,**

                                                         **CIVIL ACTION**
        **vs.**                                                     **No. 03-3465-SAC**

**ROGER WERHOLTZ, et al.,**

                               **Defendants.**

<u>ORDER</u>

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and damages on various allegations implicating his access to legal materials and resources while confined in administrative segregation at El Dorado Correctional Facility in El Dorado, Kansas.

By an order dated February 28, 2006, the court directed plaintiff to show cause why the complaint should not be dismissed without prejudice because plaintiff had not demonstrated full exhaustion of administrative remedies on all claims asserted in this action. *See* 42 U.S.C. § 1997e(a). *See also* <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

The court further directed to plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the

action...fails to state a claim on which relief may be granted"); 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.")

In response, plaintiff states he is unable to demonstrate why the complaint should not be dismissed for the reasons stated in the order dated February 28, 2006, because his administrative grievances and appeals are missing, and because he is denied legal resources and assistance necessary to make such a showing.[1] This is insufficient to avoid dismissal of the complaint. Copies of administrative documents are not required to avoid dismissal of an action pursuant to 42 U.S.C. § 1997e(a). *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome")(*emphasis added*), *cert. denied* 543 U.S. 925 (2004). And more significantly, even if exhaustion of administrative remedies could be assumed, plaintiff has not demonstrated circumstances preventing him from establishing the prejudice required to state a cognizable claim on his allegations of being denied access to the courts.

Accordingly, for the reasons stated herein and in the order entered on February 28, 2006, the court concludes dismissal of this

---

[1] Plaintiff's interlocutory appeal from the order entered on February 28, 2006, was dismissed on April 17, 2006.

matter as stating no claim for relief is warranted pursuant to 42 U.S.C. § 1997e(c).

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief, 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**

DATED:  This 22nd day of June 2006 at Topeka, Kansas.

                                                    s/ Sam A. Crow
                                                    SAM A. CROW
                                                    U.S. Senior District Judge